*Elliott, for appellant.*

*Reid & Carey, for appellee.*

---

ADELINE MORRIS *v.* JANE SMITH ET AL.

**Descent and Distribution—Evidence—Relationship.**

The evidence was held to show that the party in possession of land of the decedent was his daughter and that she was entitled to share in the distribution of the estate.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 16, 1874.

OPINION BY JUDGE PRYOR:

The order dismissing the action instituted in the year 1865, constitutes no bar to the present proceeding. The proof under the first action indicated clearly that the father of these children was alive within three or four years prior to its filing, and no cause of action existed on their part until after his death. There is no doubt but what the present plaintiff and James Smith, her brother, were the children of James Smith, senior, who left Louisville many years ago for California. He had also been twice married; and the real question in the case is whether the party now in possession, the appellee, was his daughter. The evidence in the present case establishes the fact that he is dead; and therefore all of his children are entitled to equal interests in the estate left by him. The fact

that in obtaining the marriage license, the maiden name of the appellee was given as Malone instead of Smith, tends to strengthen the position assumed by the plaintiff, that their father left but the two children; still there is a mystery connected with this last marriage, and, in fact, both marriages, established alone by reason of celebration and the general understanding of those who knew the parties, as to the relation subsisting between them. Smith recognized the appellee as his child by repeated declarations to that effect made to those who knew him well; not only so, but he permitted her to remain in the possession of that property for more than twenty years, and it is hardly to be supposed that, unless he recognized the relation of parent and child, he would have surrendered, or rather permitted the appellee to remain in the undisturbed possession of the property to the exclusion of the other children. The proof conduces to show that after the father left, the appellant lived for a time with the appellee; and the parent no doubt believed they were all using and enjoying what property he owned and left in their possession upon his departure for California. We are satisfied from the evidence that Mrs. Morris, James Smith and the appellee are the owners of the property in controversy. The judgment of the court below is reversed and cause remanded with directions to sell the property and distribute the proceeds, and for further proceedings consistent herewith.

*J. G. Wilson, for appellant.*

*Walker, for appellees.*